*714 OPINION.
Marquette:
The only question here presented is whether petitioner is entitled to depletion in respect of amounts paid to it, over and above royalties, as consideration for numerous oil and gas leases granted by the petitioner. By the terms of the leases the payments in question were to be made in oil produced from the respective lands so leased. The respondent takes the position that “the allowance of depletion on a bonus is a departure from the depletion concept,” and relies upon Murphy Oil Co., 15 B. T. A. 1195.
That contention is unsound, in our opinion; nor is the Murphy case authoritative in the present instance. If oil is taken from the land, clearly there results a depletion of the oil resources or reserves of such land, and the owner’s capital asset has been reduced pro tanto; whether the oil so taken is called a bonus or a royalty in no wise affects the fact that assets have been impoverished. It is to overcome that situation and to protect capital, that deductions for depletion are allowed. The Murphy case, upon the facts, is to be distinguished from the present proceeding.
But by the settled law of Texas, in which State the petitioner and its oil lands are located, it is a rule of property that, an instrument granting the right to extract oil and gas from the land is a conveyance of the title to the minerals in place. Manifestly, a grantor who has sold and no longer owns a wasting asset suffers no loss from the depletion of such asset, and the principle of depletion deductions can not operate in his behalf. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509; 19 S. W. (2d) 27; Ferguson v. Commissioner, 45 Fed. (2d) 573. That is the situation of this petitioner respecting oil received as a bonus for granting the leases, and we must sustain the respondent’s determination.
Bespecting the amounts of oil received as royalties, however, a different rule applies. The royalties represent interests retained by the petitioner in the properties granted. Such interests were not conveyed by the petitioner under the leases and they remain protected by the statuory provision allowing annual deduction for. depletion. Ferguson v. Commissioner, supra. The respondent having allowed such deductions, no change in his determination of deficiency is required.

Judgment will he entered for the respondent.